## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JOSE MELENDEZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:20-cv-1402** |
| | § | |
| **M&T BANK, its successors and/or** | § | |
| **assigns,** | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES JUDGE:

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant M&T BANK ("M&T" or "Defendant") gives notice and hereby remove this action from the 68th District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and in support thereof would show unto the Court the following:

### A. Introduction

1.      On March 2, 2020, Plaintiff Jose Melendez (hereinafter "Plaintiff") filed Plaintiff's Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction (hereinafter "Petition") in the 68th District Court of Dallas County, Texas, styled *Jose Melendez v. M&T Bank, its successors and/or assigns.,* bearing Cause Number DC-20-03436.

2.      Plaintiff's lawsuit concerns the foreclosure proceedings relating to Plaintiff's mortgage loan secured by the property commonly known as 2112 Via Balboa, Carrollton, Texas 75006 ("Property"). Plaintiff asserts claims against Defendant is for breach of contract and violation of the Texas Debt Collection Practices Act. *Petition* at P. 21-27.  Plaintiff further seeks an injunction

preventing Defendant from proceeding with foreclosure of the Property and attorney's fees, costs of court, and pre- and post-judgment interest. *Petition* at P. 18-20 titled Prayer.

3.      Defendant was served with citation on May 4, 2020. Thus, Defendant timely files this notice of removal within the 30-day time dictated by 28 U.S.C. §1446(b).

### B. Procedural Requirements

4.      Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. §1441(a); *Also see* 28 USC §124(a)(1).

5.      Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibit A** and incorporated by reference is a true and correct copy of the entire file of record with the Court in the 68th District Court of Dallas County, Texas, including all process, pleadings, and orders served.

6.      Simultaneously with the filing of this *Notice of Removal*, Defendant is filing a notice of the removal in the 68th District Court of Dallas County, Texas pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit B**, and will provide written notice of the filing of this *Notice of Removal* to all parties as required by 28 U.S.C. §1446(a).  Also, in accordance with Local Rule CV-3.1, Defendant has filed contemporaneously with this Notice a civil cover sheet, a copy of which is attached hereto as **Exhibit C**. Also in accordance with Local Rules, Defendant has filed contemporaneously with this Notice a Supplement to JS 44 Civil Cover Sheet, a copy of which is attached hereto as **Exhibit D.**

7.      Defendant is filing its *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit E**.

**C. Basis for Removal**

8.      Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §§1332(a).  Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

**I.      Diversity of Citizenship**

9.      Plaintiff is a resident and citizen of Texas.  *See* Petition, at ¶2. For the purposes of diversity jurisdiction, a person is considered a citizen of the state where the person is domiciled. *Preston v. Tennet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007).

10.      Defendant M&T is a national banking association with its main office in New York as designated in its articles of association.  As a national banking association, M&T's citizenship is determined solely by its main office, as designated in its articles of association.  *Wachovia Bank v. Schmidt,* 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348.  Accordingly, M&T is a citizen of New York.

11.      Because Plaintiff (Texas) and M&T (New York) are citizens of different states, there is complete diversity between the parties. *See* 28 U.S.C. § 1332(c)(1).

**II.      Amount in Controversy**

12.      The Petition seeks injunctive relief preventing Defendant from foreclosing on the Property.  "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).  Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998).  "It is well

established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F.Supp.2d 1039, 1044 (W.D.Tex.2010); *see also Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); *see also Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (*Waller* extended to a suit seeking injunctive relief to prevent foreclosure).

13. Pursuant to the records of the Dallas County Appraisal District (http://www.dallascad.org/) online, the Property is valued at $158,860.00. A true and correct copy of the Dallas CAD property search results is attached hereto as **Exhibit F** and is incorporated herein.

### D. Prayer

WHEREFORE, Defendant removes this action from the 68th District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.**

  _/s/ Crystal Gee Gibson_
Crystal Gee Gibson
State Bar No. 24027322
4004 Belt Line Rd., Ste. 100
Addison, Texas 75001
(972) 340-7901
(972) 341-0734 (Facsimile)
CrystalR@bdfgroup.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a copy of _Notice of Removal_ has been served on all parties electronically via CM/ECF and / or by U.S. Certified Mail, return receipt delivery, the parties below on June 1, 2020.

**VIA E-SERVICE: JGH@JGHFIRM.COM**
John G. Helstowski
13601 Preston Road, Suite E920
Dallas, Texas 75240
_Attorney for Plaintiff_

  _/s/ Crystal Gee Gibson_
Crystal Gee Gibson

## LIST OF DOCUMENTS ATTACHED

A.      Docket sheet from Case No. DC-20-03436, Plaintiff's Petition filed March 2, 2020 all executed processes in the case, if any, all answers, if any, all orders, if any;

B.      Notice of Filing of Notice of Removal to Federal Court filed in the 68th District Court of Dallas County, Texas;

C.      Civil Cover Sheet;

D.      Supplement to JS 44 Civil Cover Sheet;

E.      Disclosure Statement and Certificate of Interested Parties;

F.      Printout from Dallas County Central Appraisal District; and

G.      List of All Counsel of Record.